UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
:
DESTINY NICOLE RUSSELL, et al., :
:
Plaintiffs, :
: 19-CV-8494 (VSB)
- against - :
: **OPINION & ORDER**
:
SOUTH SHORE INDUSTRIES LTD, et al., :
:
Defendants. :
:
----------------------------------------------------------X

Appearances:

Francisco J Rodriguez
Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C.
Hackensack, NJ
*Counsel for Plaintiffs*

Scott Lawrence Haworth
Haworth Barber & Gerstman, LLC
New York, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

Before me is Plaintiffs' motion to remand this action to the Supreme Court of New York, New York County, pursuant to 28 U.S.C. §1447(c). (Doc. 22.) Because all Defendants were properly joined and served and the consent of all Defendants was not obtained at the time of the filing of the notice of removal, Plaintiffs' motion to remand is GRANTED.

I. **Procedural History**

Plaintiffs commenced this action by filing a Summons and Verified Complaint in the Supreme Court of New York, New York County, on August 13, 2019. (Doc. 1, Ex. A.) That same day, Plaintiffs filed an Amended Summons and Amended Verified Complaint. (*Id.*; Doc.

22, Ex. A.) The Amended Verified Complaint named the following ten corporate defendants: South Shore Industries Ltd.; South Shore USA, Inc.; South Shore Furniture;[1] Walmart, Inc.; Wal-Mart Stores, Inc.; Wal-Mart Stores East, L.P.; Wal-Mart Stores East, Inc.; Wal-Mart Associates, Inc.; Wal-Mart TRS, LLC; and Wal-Mart.com USA, LLC (together the "Defendants").[2] (*Id.*) On October 8, 2019, Plaintiffs filed affidavits of service on this court's docket indicating that all ten named defendants had been served process through in person service on Defendants' authorized agents. (Docs. 11–21; Doc. 22, Ex. B.) Specifically, all of the Wal-Mart Defendants were served the Amended Summons and Amended Verified Complaint on August 28, 2019, with the exception of Wal-Mart.com USA, LLC, which was served on September 9, 2019 and again on September 10, 2019. (Doc. 22, Ex. B.) Additionally, all of the South Shore Defendants were served the Amended Summons and Amended Verified Complaint on August 29, 2019. (*Id.*) Defendants do not dispute that they were served on these dates. (Haworth Decl. ¶ 13.)[3]

The South Shore Defendants filed a notice of removal on September 12, 2019, stating that the case was removable to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1441(b). (*See generally* Doc. 1.) However, the notice did not include any indication that the Wal-Mart Defendants consented to removal. Because the notice of removal did not include the consent of all Defendants, Plaintiffs filed a motion to remand on October 11, 2019, within the thirty-day period prescribed by 28 U.S.C. § 1447(c). On October 14, 2019, counsel

---

[1] I will refer to South Shore Industries Ltd., South Shore USA, Inc., and South Shore Furniture as the "South Shore Defendants."

[2] I will refer to Walmart, Inc., Wal-Mart Stores, Inc., Wal-Mart Stores East, L.P., Wal-Mart Stores East, Inc., Wal-Mart Associates, Inc., Wal-Mart TRS, LLC, and Wal-Mart.com USA, LLC as the "Wal-Mart Defendants."

[3] "Haworth Decl." refers to the declaration of Scott Haworth in Opposition to Plaintiff's Motion to Remand, filed on October 25, 2019. (Doc. 30.)

2

for the South Shore Defendants entered a notice of appearance on behalf of the Wal-Mart Defendants. (Doc. 23.) On the same day, counsel for Defendants filed a letter explaining that he was retained by the Wal-Mart Defendants on September 22, 2019 to represent them in this action. (Doc. 24.) Counsel for Defendants further explained that the Wal-Mart Defendants "consent to removal of this matter," and requested that I consider the notice of removal "to be amended in this regard." (*Id.*) In addition, counsel for Defendants stated that further proof of the Wal-Mart Defendants' consent to removal could be implied from a scheduling stipulation he entered on behalf of all Defendants on September 22, 2019. (*Id.*)

On October 25, 2019, counsel for Defendants filed a declaration in opposition to Plaintiffs' motion to remand. (Haworth Decl.) Plaintiff filed a reply memorandum of law in further support of its motion to remand on November 6, 2019. (Doc. 34.)

## II. **Legal Standards**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A defendant seeking removal of a civil action from state court must file "in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or

3

within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). When an action is removed pursuant to 18 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

"In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (citation omitted); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." (citation omitted)); *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) ("[O]ut of respect for the limited jurisdiction of the federal courts and the rights of states, we must resolve any doubts against removability." (internal quotation marks omitted)).

### III. Discussion

Because the South Shore Defendants' notice of removal did not include the Wal-Mart Defendants' consent to removal, Plaintiffs argue that remand is required.[4] (Doc. 22, at 4.) In response, Defendants assert two arguments in opposition to Plaintiffs' motion to remand. First, Defendants argue that the consent provided in the October 14, 2019 letter cured any defect in the notice of removal. (*See* Haworth Decl. ¶ 15; Doc. 24.) Second, Defendants argue that proper

---

[4] Plaintiffs do not argue that the South Shore Defendants' notice of removal was deficient in any other respect, and I find no other deficiency besides the lack of timely unanimous consent among Defendants.

4

service of the Amended Summons and Amended Verified Complaint on the Wal-Mart Defendants was not "complete" for purposes of 28 U.S.C. 1446(b)'s thirty-day removal clock until ten days after Plaintiff filed Affidavits of Service on the docket on October 8, 2019, thus extending the time in which the Wal-Mart Defendants' consent could be given until after October 14, 2019. (Haworth Decl. ¶¶ 19–20, 25.) Defendants' arguments fail.

### A. *The Rule of Unanimity*

Since 2011, the statute governing the procedure for removal has provided that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Courts in the Second Circuit "have consistently interpreted the statute 'as requiring that all defendants consent to removal within the statutory thirty-day period, a requirement known as the 'rule of unanimity.'" *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012) (quoting *Beatie & Osborn LLP v. Patriot Scientific Corp.*, 431 F. Supp. 2d 367, 383 (S.D.N.Y. 2006)); *see also Payne v. Overhead Door Corp.*, 172 F. Supp. 2d 475, 477 (S.D.N.Y. 2001) ("[T]he removal statute has consistently been interpreted to require that all defendants consent to removal within the thirty day period, known as the 'Rule of Unanimity.'" (citing *Berrios v. Our Lady of Mercy Med. Ctr.*, No. 99 Civ. 21(DLC), 1999 WL 92269, at *2 (S.D.N.Y Feb. 19, 1999))). This requirement means that the non-removing defendants "must independently express their consent to removal." *Pietrangelo*, 686 F.3d at 66. Courts in this circuit have held that the requirement of independent consent, in turn, requires "that each defendant must submit written consent unambiguously agreeing to removal." *Payne*, 172 F.Supp.2d at 477. Accordingly, "[t]he failure of any defendant to provide its written consent within the thirty-day period constitutes a fatal procedural defect in the removal procedure and warrants a remand of the case." *In re Vill. of Kiryas Joel, N.Y.*, No. 11 Civ. 8494(ER), 2012 WL

5

1059395, at *3 (S.D.N.Y. Mar. 29, 2012) (citing *Thomas & Agnes Carvel Found. v. Carvel*, 736 F. Supp. 2d 730, 740 (S.D.N.Y. 2010)).

As I have held in factually similar circumstances, a defendant's failure to comply with the rule of unanimity is not a mere technical defect that can be cured through an untimely amendment to the notice of removal. *See L.Y.E. Diamonds Ltd. v. Gemological Inst. of Am. Inc.*, No. 16-CV-3766 (VSB), 2017 WL 1207839, at *5 (S.D.N.Y. Mar. 31, 2017); *see also Bedminster Fin. Grp., Ltd. v. Umami Sustainable Seafood, Inc.*, No. 12 Civ. 5557(JPO), 2013 WL 1234958, at *6 (S.D.N.Y. Mar. 26, 2013) (stating that an untimely affidavit of consent cannot cure a defect in the unanimous consent rule and granting motion to remand). Because the Wal-Mart Defendants were served on August 28, 2019, and on September 9, 2019, any consent to removal by the Wal-Mart Defendants was required to be filed prior to October 14, 2019. *See* 28 U.S.C. § 1446(b)(2)(B) (providing "30 days after receipt by or service on that defendant of the initial pleading" to file a notice of removal). Therefore, Defendants' request in their October 14, 2019 letter to deem the notice of removal amended must be rejected.[5]

### B. *Exceptions to the Rule of Unanimity*

There are three exceptions to the rule of unanimity, allowing a defendant to avoid obtaining the consent of a co-defendant when that co-defendant "'(1) has not been served with service of process at the time the removal petition is filed; (2) is merely a nominal or formal party; or (3) is not subject to the removal claim, which is a separate and independent claim from those asserted against the non-consenting defendant as defined by 28 U.S.C. § 1441(c).'" *L.Y.E.*

---

[5] I also reject Defendant's argument that filing the September 22, 2019 scheduling stipulation on the docket on behalf of all Defendants evidenced the requisite consent to removal. The September 22, 2019 stipulation does not contain "written consent unambiguously agreeing to removal," *Payne*, 172 F.Supp.2d at 477, and "filing documents that do not address consent on the federal docket" is insufficient to satisfy the rule of unanimity. *L.Y.E. Diamonds Ltd*, 2017 WL 1207839, at *5 (S.D.N.Y. Mar. 31, 2017).

*Diamonds Ltd.*, 2017 WL 1207839, at *4 (S.D.N.Y. Mar. 31, 2017) (quoting *Bedminster Fin. Grp., Ltd.*, 2013 WL 1234958, at *5). Defendants argue that the first exception applies here. This argument is premised on New York Civil Practice Law and Rules ("CPLR") Section 308's substituted service provision. Section 308(2) of the CPLR provides that, when serving a party by substituted service, "proof of such service shall be filed with the clerk of the court . . . within twenty days of either such delivery or mailing, whichever is effected later; [and] service shall be complete ten days after such filing." CPLR § 308(2). Based on this language, Defendants argue that service on the Wal-Mart Defendants was not complete until October 18, 2019—ten days after proof of service was filed on the docket—and that the thirty-day removal clock began to run on that day, thus making timely the Wal-Mart Defendants' independent written consent to removal in the October 14, 2019 letter. (Haworth Decl. ¶¶ 19–20, 25.)

Although this argument has prevailed on occasion when defendants are actually served under CPLR § 308(2)'s substituted service provision, *see Lewis v. Permanent Mission of Cote D'Ivoire to United Nations*, No. 19 Civ. 1375 (GBD), 2019 WL 4198943, at *2 (S.D.N.Y. Aug. 7, 2019); *Creative Kids Far E. Inc. v. Griffin*, No. 15-cv-06027 (NSR), 2016 WL 8710479, at *3 (S.D.N.Y. Jan. 22, 2016); *Stop & Shop Supermarket Co. LLC v. Goldsmith*, No. 10-CV-3052 (KMK), 2011 WL 1236121, at *3–6 (S.D.N.Y. Mar. 31, 2011); here, Defendants' argument is not persuasive because Defendants are not natural persons who were served using substituted service of process. Defendants are each business entities served in accordance with other provisions of the CPLR. Specifically, the Wal-Mart Defendants are corporations, limited partnerships, and limited liability companies registered with the New York Department of State and authorized to conduct business in New York. (Doc. 34, at Ex. C.) Sections 310-a, 311, and 311-a of the CPLR prescribe the methods of service of process on such business entities, and

7

Plaintiffs complied with these provisions by personally serving the authorized agents of the Wal-Mart Defendants. (Doc. 22, at Ex. B.) Because service of process in this manner does not implicate CPLR § 308(2)'s ten-day delay in the completion of service from the time proof of service is docketed, Defendant's argument for application of the first exception to the rule of unanimity is inapposite.[6]

Even if the substituted service provision of CPLR § 308(2) did apply, "[t]he law is unsettled as to whether federal jurisdiction is affected by New York's [proof of substituted service] requirement . . . ." *Stop & Shop Supermarket*, 2011 WL 1236121, at *3. In fact, many courts in this circuit have held that "[t]he timeliness of removal 'presents a question of federal and not state law[,]' and '[w]hat may be proper and complete 'service of process' under state law has no bearing on whether a defendant has received such notice that the 30-day clock set forth in 28 U.S.C. [§] 1446(b) has been triggered.'" *Rodriguez v. Smith*, No. 16-CV-107 (CBA), 2016 WL 4249832, at *3 (E.D.N.Y. Mar. 18, 2016), *report and recommendation adopted*, No. 16CV107CBARLM, 2016 WL 4251050 (E.D.N.Y. Aug. 10, 2016) (second, third, and fourth alterations in original) (quoting *Cotter v. Milly LLC*, No. 99 Civ. 04639(PGG), 2010 WL 286614, at *4 (S.D.N.Y. Jan. 22, 2010); *see also New Y-Capp, Inc. v. Arch Capital Funding, LLC*, No. 18-CV-3223 (ALC), 2019 WL 4805897, at *5 (S.D.N.Y. Sept. 29, 2019) ("[F]ederal court jurisdiction is not dependent on the technicality of New York state procedure requiring ten days after filing proof of service for service to be deemed complete." (citation omitted)); *Stan*

---

[6] Note that for business entities not authorized to do business in New York, N.Y. Bus. Corp. § 307 governs service of process. This provision does contain the ten-day delay language present in N.Y. C.P.L.R. § 308(2)'s substituted service provision. *See* N.Y. Bus. Corp. § 307(c). For this reason, a court in this district has denied a motion to remand based on an argument analogous to the one Defendants make here where a corporate defendant was not registered in New York. *See Newkirk v. Clinomics Biosciences, Inc.*, No. 1:06CV0553(GLS/RFT), 2006 WL 2355854, at *4 (N.D.N.Y. Aug. 15, 2006). However, as discussed above, it is undisputed that the Wal-Mart Defendants are all registered to do business in New York. (*See* Doc. 34, Ex. C.)

8

*Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F.Supp.2d 177, 181–82 n.4 (S.D.N.Y. 2003) (remanding case and rejecting defendants' argument that service had not been perfected under state law at time of removal, stating that "courts have regularly disregarded technicalities of state law as to the completion of service of process in the state court in which the action was originated in determining when the defendant was served for the related purpose of determining the timeliness of removal, just as state law generally is disregarded when questions relating to removal are considered" (internal quotation marks omitted)). Because "out of respect for the limited jurisdiction of the federal courts and the rights of states, [courts] must resolve any doubts against removability," *In re MTBE Prods. Liab. Litig.*, 488 F.3d at 124 (internal quotation marks omitted), even if New York's substituted service provisions did apply to service of the Wal-Mart Defendants, it is unclear that Plaintiffs' motion to remand should be denied.

Accordingly, I find that because service of process on most of the Wal-Mart Defendants was complete on August 28, 2019, and on September 9, 2019 with respect to Wal-Mart.com USA, LLC, the first exception to the rule of unanimity does not apply. Thus, 28 U.S.C. § 1446's thirty-day removal clock expired prior to Defendants' October 14, 2019 letter, and remand is proper.

IV. **Conclusion**

For the foregoing reasons, Plaintiff's motion to remand is GRANTED. The case is hereby REMANDED to the Supreme Court of the State of New York, New York County. The Clerk of the Court is directed to close the motion at Document 22 and terminate this case.

In accordance with 28 U.S.C. § 1147(c), the Clerk of Court is further directed to mail a certified copy of this order of remand to the clerk of the Supreme Court of the State of New York, New York County—the court from which this action was removed.

SO ORDERED.

Dated: December 18, 2019
     New York, New York

Vernon S. Broderick
United States District Judge